UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VINEY AIKENS, ET AL

CIVIL ACTION

VERSUS

NUMBER 05-307-RET-SCR

CREDIT PLAN OF BATON ROUGE, INC.

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 13, 2007.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

VINEY AIKENS, ET AL

VERSUS

CREDIT PLAN OF BATON ROUGE, INC.

CIVIL ACTION

NUMBER 05-307-RET-SCR

**MAGISTRATE JUDGE'S REPORT**

A settlement conference was scheduled for July 23, 2007 as a means of ascertaining the intentions of 13 plaintiffs who had not communicated with counsel for the plaintiffs regarding the defendants' settlement proposal.  Although the other plaintiffs had agreed to the terms of the settlement, the settlement could not be concluded on a piecemeal basis.  In the order setting the settlement conference, these plaintiffs were put on notice that failure to attend the settlement conference may result in dismissal of their claims for failure to prosecute, abandonment, or as a sanction under Rule 16, Fed.R.Civ.P.  A copy of the order was mailed to each of these 13 plaintiffs at their last known address as provided by counsel for the plaintiffs.  Nonetheless, 11 of these 13 plaintiffs failed to appear for the settlement conference.[1]

As a final attempt to ascertain the intentions of the ten

---

[1] Plaintiff Clay Higgins contacted counsel after the settlement conference.

remaining plaintiffs, they were ordered to show cause, in open court on August 13, 2007, at 9:30 a.m., why their claims should not be dismissed failure to prosecute, abandonment, or as a sanction under Rule 16, Fed.R.Civ.P.[2]  None of them appeared, and none of them contacted the court or the plaintiffs' attorney regarding the hearing or their intentions regarding their claims.[3]

Their attorney has done all that he reasonably could do to prosecute their claims.  He has negotiated a settlement which the other plaintiffs have accepted.[4]  However, the inaction and lack of communication with these ten plaintiffs has prevented the settlement from being concluded.  It is now apparent that these ten plaintiffs have lost interest in this case and have abandoned their claims.

Any sanction less than dismissal would be ineffective.  There is no reason to believe that these ten plaintiffs would respond to a lesser sanction since they have not responded to either of the orders, which were intended to ascertain their intentions regarding their claims.  And it is clear that their failure to appear at either the settlement conference or the show cause hearing is not the fault of their attorney.  In these circumstances, dismissal of

---

[2] Record document number 54.

[3] Record document number 55.

[4] Record document number 48.  Plaintiff's attorney has been trying to contact these ten plaintiffs, without any success, since December 2006.

their claims is warranted.

## Recommendation

It is the recommendation that the claims of the following plaintiffs be dismissed, withe prejudice, for failure to prosecute under Rule 41(b), Fed.R.Civ.P., and as a sanction under Rule 16(f), Fed.R.Civ.P.:

Anthony Barrow, Michael Cooper, Derrick Holiday, Carol McQuairter, A.C. McQuirter, Teron Potter, William Sanders, Lesli Terito, Jason Van Buskirk, Lee Woods.

Baton Rouge, Louisiana, August 13, 2007.

*[signature]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE